IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-423 |
| ) | |
| ANDREW BALTA, M.D., GRANT ) | |
| LATIMORE, M.D., RICHARD WHITE, ) | |
| M.D., THOMAS BANDY, M.D., ) | |
| STEPHANIE WOOD, EDWARD ) | |
| SWIERCZEWSKI, JOAN DELIE, DIANE ) | |
| MANSON, and KAREN DANNER, R.N., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR SUBSTITUTION OF PARTY AND BRIEF IN OPPOSITION TO DEFENDANT ANDREW S. BALTA'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 25(a), counsel for Defendant Andrew S. Balta, D.M.D. ("Dr. Balta") filed a Suggestion of Death upon the record on August 19, 2005. Subsequently, Dr. Balta's counsel filed a Motion to Dismiss to Dr. Balta from the above-referenced case by reason of his death. Plaintiff Raymond Bradley ("Bradley"), by and through his counsel, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby submits this Motion for Substitution of Party and, concomitantly, its brief in opposition to Dr. Balta's Motion to Dismiss. Specifically, Plaintiff moves this Court to substitute the proper legal representative to represent the interest of deceased Dr. Balta. For the reasons discussed below, Plaintiff's Motion should be granted and Dr. Balta's Motion to Dismiss should be denied.

### BACKGROUND

On August 19, 2005, counsel for Dr. Balta filed a suggestion of death upon the record, stating that Dr. Balta died on August 14, 2005. On September 21, 2005, the Court ordered a

telephonic status conference to be held on October 4, 2005 among all the parties for the purpose of addressing Dr. Balta's death. On September 23, 2005, counsel for Dr. Balta moved to dismiss claims in Plaintiff's Complaint against Dr. Balta by reason of his death. Based on the foregoing, Dr. Balta's motion should be denied and the Court should grant Plaintiff's Motion to Substitute the legal representative of Dr. Balta's estate.

## DISCUSSION

A.   Plaintiff's Motion To Substitute Is Timely Filed

Pursuant to Federal Rule of Civil Procedure 25(a)(1), any party is afforded ninety (90) days from the date of the suggestion of death upon the record to move to substitute the legal representative of a deceased party. Specifically, the Rule provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon person not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.[1]

As stated above, counsel for Dr. Balta filed the Suggestion of Death upon the record on August 19, 2005. As such, Plaintiff's Motion to Substitute filed today is well within the ninety (90)-day requirement.

B.   Plaintiff's Claims Against Dr. Balta Survive His Death

State law governs the survival of federal civil rights claims, including those based on 42 U.S.C. § 1983. See 42 U.S.C. § 1988; see also Robertson v. Wegmann, 436 U.S. 584 (1978)

---

[1]   In light of Court's telephonic status conference held among all the parties on October 4, 2005, Plaintiff takes no position as to whether a hearing is necessary under this Rule.

(finding that state law should govern the survival of a § 1983 claim because there was no applicable federal survival provision).  As such, the Court must turn to Pennsylvania law to determine whether all of Plaintiff's claims, both federal and state, survive the death of Dr. Balta.  Under Pennsylvania law, "*[a]ll* causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."  42 Pa. Cons. Stat. § 8302 (emphasis added).  Thus, a section 1983 claim survives under Pennsylvania's broad reaching Survival Act.  See e.g., Woloszyn v. County of Lawrence, 396 F.3d 314, 316 (3d Cir. 2005).

Here, Plaintiff has alleged five remaining counts against Dr. Balta:  (i) deliberate indifference; (ii) assault and battery; (iii) medical malpractice; (iv) intentional infliction of emotional distress; and (v) negligent infliction of emotional distress.[2]  In the Motion to Dismiss, counsel for Dr. Balta offers no reason why Plaintiff's claims against Dr. Balta should not survive his death.  Moreover, the Pennsylvania Survival Act unequivocally provides that all causes of action survive the death of a party and places no limitation on Plaintiff's right under Federal Rule 25 to move this Court to substitute the proper legal representative of Dr. Balta.[3]

---

[2]   Plaintiff's claim against Dr. Balta for negligence was previously dismissed by recommendation of the Magistrate Judge and adopted by the District Court.

[3]   Notably, counsel for Dr. Balta offers the Court no legal reasoning why Plaintiff should not be permitted to substitute Dr. Balta's legal representative.  If counsel for Dr. Balta's counsel attempts to rely on 42 Pa. Cons. Stat. § 5930 in its reply, such reliance is misplaced.  Specifically, section 5930 is inapplicable in this case because Dr. Balta and/or his legal representative waived such a defense by engaging in extensive discovery before his death.  See Schroeder v. Jacquis, 861 A.2d 885, 889 (Pa. 2004).

Accordingly, Dr. Balta's Motion to Dismiss should be denied and the Court should grant Plaintiff's Motion for Substitution of Party, in the form of the Order attached hereto, and permit Plaintiff to proceed against the legal representative of Dr. Balta's estate.

Dated: October 19, 2005                                Respectfully Submitted,

                                                       /S/ Thomas C. Ryan
                                                       Jerry S. McDevitt, Esquire (Pa. I.D. No. 33214)
                                                       Thomas C. Ryan, Esquire (Pa. I.D. No. 92482)
                                                       KIRKPATRICK & LOCKHART NICHOLSON
                                                       GRAHAM LLP
                                                       Firm #148
                                                       Henry W. Oliver Building
                                                       535 Smithfield Street
                                                       Pittsburgh, PA  15222
                                                       (412) 355-6500
                                                       Counsel for Plaintiff,
                                                       Raymond Bradley

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Motion for Substitution of Party and Response to Defendant Andrew S. Balta's Motion to Dismiss** was served upon counsel of record by United States first class mail, postage prepaid, at the following addresses on this date, October 19, 2005:

Donald G. Lucidi, Esq.
Murphy Taylor, L.L.C.
326 Third Avenue
Pittsburgh, PA 15222
*(Counsel for Dr. Andrew S. Balta)*

Kemal Alexander Mericli, Esq.
Office of the Attorney General
Civil Litigation Section
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219
*(Counsel for Joan Delie, Thomas Bandy, Karen Danner, Grant Latimore, Diane Manson, and Richard White)*

Charles T. Roessing, Esq.
A. Tracey Campbell, Esq.
White & Williams
One Westlakes
1235 Westlakes Drive, Suite 310
Berwyn, PA 19312-2416
*(Counsel for Edward Swierczewski and Stephanie Wood)*

　　　/S/ Thomas C. Ryan　　
Thomas C. Ryan