```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND BRADLEY,                )
                                )
         Plaintiff,             )
                                )
    vs.                         )   Civil Action No. 02-423
                                )
DR. BALTA, PHILIP L. JOHNSON,   )
WILLIAM S. STICKMAN, JOAN       )   Judge McVerry/
DELIE, C/O BERRY, TIMOTHY       )   Magistrate Judge Hay
COLINS, THOMAS BANDY, KAREN     )
DANNER, C/O JOHNSON, GRANT      )
LATIMORE, DIANE MANSON, C/O     )
RAY, C/O RUSSELL, EDWARD        )
SWIERZCEWSKI, RICHARD WHITE     )
and STEPHANIE WOOD,             )
                                )
         Defendants.            )   RE: Doc. 154
```

MEMORANDUM ORDER

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against the above-noted defendants alleging that he did not receive adequate dental care and pain medication for impacted wisdom teeth while incarcerated at SCI-Pittsburgh. Plaintiff has included state law claims as well. Plaintiff specifically alleges, inter alia, that Dr. Andrew Balta was deliberately indifferent to Plaintiff's serious dental needs.

On August 19, 2005, counsel for Dr. Balta filed a Suggestion of Death upon the Record pursuant to Fed.R.Civ.P. 25(a)(1), indicating that Dr. Balta died on August 14, 2005, during the pendency of this action.

Thereafter, on September 23, 2005, counsel for Dr. Balta moved to dismiss the action against him by reason of his

death.[1]  Plaintiff then moved for substitution of Dr. Balta's legal representative for defendant Balta.  We address the question of substitution in this Order.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  The motion for substitution may be made by any party ... and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.  Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

As noted, it is the opinion of this court, that under Pennsylvania law the Plaintiff's claim is not extinguished by the death of Dr. Balta.

Moving then to the requirements of Rule 25(a)(1)[2], the court notes that the notice of death filed in this matter reads

---

[1] Plaintiff filed a response in opposition, as did defendants Stephanie Wood and Edward Swierczewski.  The motion to dismiss is being addressed separately. See Report and Recommendation filed simultaneously herewith on Defendant Balta's Motion to Dismiss.  In sum, the Court looks to state law to determine whether the federal and state law claims survive and under Pennsylvania law, "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."  42 Pa.C.S.A. § 8302.

[2] Because Plaintiff's 1983 claim is against Dr. Balta in his individual capacity, this section of Rule 25 is applicable.

simply, "The undersigned counsel suggests upon the record, pursuant to Fed.R.Civ.P. 25(a)(1), the death of Dr. Andrew S. Balta, one of the Defendants herein, on August 14, 2005, during the pendency of this action."  Doc. 144.  It appears that the suggestion or statement of death submitted by counsel for Dr. Balta is insufficient for purposes of Fed.R.Civ.P. 25, "which most courts ... have interpreted to require at least the naming of the executors of the decedent's estate."  Young v. Patrice, 832 F.Supp. 721, 725 (S.D.N.Y. 1993)(citing  Grandbouche v. Lovell, 913 F.2d 835 (10th Cir. 1990); Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir. 1985); McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir.), cert. denied, 474 U.S. 1005(1985); Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir.1969); Kaldawy v. Gold Service Movers, Inc., 129 F.R.D. 475 (S.D.N.Y. 1990); Gronowicz v. Leonard, 109 F.R.D. 624, 627 (S.D.N.Y. 1986), Al-Jundi v. Rockefeller, 88 F.R.D. 244, 248 (W.D.N.Y. 1980)("Al-Jundi I"); and Al-Jundi v. Rockefeller, 757 F.Supp. 206, 210 (W.D.N.Y. 1990)("Al-Jundi II").

       Further, as the McSurely court recognized, "a suggestion of death does not set in motion Rule 25(a)(1)'s ninety-day limitation unless the suggestion 'identif[ies] the representative or successor ... who may be substituted as a party.'" 753 F.2d at 98 (quoting Rende v. Kay, 415 F.2d at 986 ("No injustice results from the requirement that a suggestion of

3

death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased.)).

Accordingly, this 10th day of November, 2005, IT IS HEREBY ORDERED that on or before November 28, 2005, counsel for Dr. Balta shall file a proper notice or suggestion of death indicating the name and address of Dr. Balta's successor, or of the representative or executor of Dr. Balta's estate.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Substitution of Party (doc. 154) is DISMISSED without prejudice to refiling once a proper suggestion of death has been filed.

IT IS FURTHER ORDERED that the settlement conference previously scheduled for November 17, 2005, at 11:30 a.m., is hereby CANCELLED until further notice by the Court.

By the Court,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   Jerry S. McDevitt, Esquire
      Brian S. Rudick, Esquire
      Anthony F. Spalvierie, Esq.
      Thomas C. Ryan, Esq.
      Kirkpatrick & Lockhart LLP
      Henry W. Oliver Building
      535 Smithfield Street
      Pittsburgh, PA 15222

```
Kemal Alexander Mericli
Office of the Attorney General
Civil Litigation Section
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219

Charles T. Roessing, Esquire
A. Tracey Campbell, Esquire
White & Williams
One Westlakes
1235 Westlakes Drive
Suite 310
Berwyn, PA 19312

Donald G. Lucidi, Esquire
Murphy Taylor, L.L.C.
326 Third Avenue
Pittsburgh, PA 15222
```