```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


                                    )
RAYMOND BRADLEY,                    )
                                    )
          Plaintiff                 )
                                    )
     vs.                            )    Civil Action No. 02-423
                                    )
DR. BALTA, C.O. BERRY, TIMOTHY      )    Judge Terrence V. McVerry
COLLINS, THOMAS BANDY, KAREN        )    Magistrate Judge Amy Reynolds Hay
DANNER, DAN DeFLORIA, JOAN DELIE,   )
JOHN DOE, C.O. JOHNSON, PHILLIP     )
JOHNSON, GRANT LATIMORE, DIANE      )
C.O. RAY, C.O. RUSSELL, WILLIAM     )
STICKMAN, EDWARD SWIERCZEWSKI, M.D. )
RICHARD WHITE and STEPHANIE WOOD,   )
                                    )
          Defendants                )
                                    )
                                    )    Re: Doc. 157
```

## MEMORANDUM ORDER

Defendants Edward Swierczewski, M.D., and Stephanie Wood have filed a motion for summary judgment. Doc. 147. In that motion, they seek summary judgment based upon, *inter alia*, an assertion that Plaintiff has failed to exhaust his administrative remedies. In support of this assertion, these defendants have appended an affidavit from Carol Scire (Ex. R, doc. 147), formerly the Superintendent's Assistant at SCI-Pittsburgh, where Plaintiff was housed during the time at issue in the complaint. Presently before the Court is the Plaintiff's motion to strike Ms. Scire's affidavit. For the reasons that follow, the motion is properly denied.

In her affidavit, Ms. Scire attested that she was familiar with the Department of Corrections ("DOC") Internal Grievance procedures and explained that it involved a three step process of filing an initial grievance, an appeal to the institution's superintendent and then a final appeal to the Secretary's office of Grievances and Appeals. Ms. Scire further attested that Plaintiff filed four grievances in connection with the claims set forth in this action, none of which was timely and properly appealed as required under DOC's procedures. Ms. Scire included with her affidavit copies of the four grievances and responses thereto. Only one of those grievances is pertinent to the motion to strike. The details of that grievance are as follows.

Plaintiff filed grievance PIT-0638-00 on October 3, 2000, complaining of continuing pain and headaches resulting from his previous tooth extraction. On October 13, 2000, a grievance officer responded that Dr. White had advised the officer of the tooth extraction on October 5th, that Dr. White was following Plaintiff's case, and that Dr. White saw Plaintiff last on October 11, 2000, at which time Plaintiff's issues were resolved. On October 16, 2000, Plaintiff appealed this grievance to the second level of review. On October 18, 2000, Superintendent Johnson returned the grievance from the second level of review to the grievance officer for re-investigation of Plaintiff's

complaints of pain. Sometime later, it appears that Plaintiff submitted a second level grievance to the Secretary's Office of Inmate Grievances and Appeals, rather than to Superintendent Johnson. On December 12, 2000, Kristen P. Reisinger, Assistant Chief Grievance Coordinator of the Secretary's Office of Inmate Grievance and Appeals wrote to Plaintiff, advising him of the error and instructing him that if he was not satisfied with the outcome following the reinvestigation, he was required to submit his second level appeal to Superintendent Johnson prior to appealing for final review ("Reisinger letter"). Plaintiff did not appeal to Johnson following the reinvestigation.

   Plaintiff makes two arguments in support of his motion to strike Ms. Scire's affidavit. First, Plaintiff complains that Ms. Scire cannot properly rely on the Reisinger letter because it is hearsay insofar as it contains "out-of-court statements offered for the truth of the matter asserted, which is Bradley was directed to re-file Grievance No. PIT-0638-00 with the superintendent." Doc. 157 at ¶ 7. Plaintiff contends this violates Rule 56(e). The second argument for striking the Scire affidavit is that the alleged delay in producing the Reisinger letter violates the "broad and fair principles of discovery." Id. at ¶ 12.

   Although not entirely clear, it appears that Plaintiff's argument that the Scire affidavit violates Rule 56(e)

rests of two contentions: first, that the Reisinger letter constitutes hearsay; secondly, that reliance on hearsay violates Rule 56(e).  Plaintiff is mistaken on both counts.

Rule 56(e) provides in relevant part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed.R.Civ.P. 56(e).  Plaintiff contends that "Scire's reliance on these out-of-court statements [i.e., the Reisinger letter], which are offered for the truth of the matter asserted [i.e., Bradley failed to exhaust his administrative remedies] does not satisfy the requirements of Rule 56(e)."  Doc. 158 at 3.  First, Rule 56(e), by its plain terms, does not, as apparently implied by Plaintiff's argument, exclude an affiant's reliance on hearsay.  In fact, case law cited by Plaintiff in his motion shows the contrary is true.  In King v. City of Philadelphia, 66 Fed.Appx. 300, 304 (3d Cir. 2003), cited by Plaintiff, the Court of Appeals specifically noted that "[h]earsay evidence produced in an affidavit opposing summary judgment **may be considered** if the out-of-court declarant could later present that evidence through direct testimony" (emphasis added).  Here, Defendants will presumably be able to produce the testimony of Reisinger.   See, e.g., Petruzzi's IGA Supermarkets, Inc. v. Darling Delaware Co., Inc., 998 F.2d 1224,

4

1234 (3d Cir. 1993); Stelwagon Mfg. Co. V. Tarmac Roofing Systems, Inc., 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995) ("Presumably, Feeser would have been able to produce the customers themselves at trial. Accordingly, the rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial."). Assuming *arguendo* that the Reisinger letter constitutes hearsay, it can properly be considered on a motion for summary judgment because the statements are capable of being admissible at trial; Defendants Swierczewski and Wood simply have to produce Ms. Reisinger to give the testimony.

Even if however, the rule in this Circuit were otherwise, and hearsay could not be considered in a summary judgment context, the Reisinger letter, as pointed out by the defendants, comes within an exception to the rule against the admissibility of hearsay, namely, within the business records exception to the hearsay rule, i.e., Fed.R.Evid. 803(6), and Plaintiff has not controverted this.

Either because hearsay is permissibly considered at this procedural juncture, or because the Reisinger letter does not constitute hearsay, Plaintiff's first argument that the Scire affidavit should be struck is unpersuasive.

Plaintiff's second argument for striking the Scire affidavit is that production of the Reisinger letter for the

first time in September 2005 after Plaintiff had filed a request for all documents in May 2004 would "be inherently unfair to Bradley." Doc. 158 at 3. Defendants respond by explaining the circumstances under which the Reisinger letter was not discovered by them until August 19, 2005, and that they produced this document to the Plaintiff on September 6, 2005, less than one month later, when they filed their present summary judgment motion. Doc. 159 at 6-7. The fact that this letter was not discovered until August 2005 may be explained in part by the fact that SCI-Pittsburgh was closed and documents from there were in storage as well as the fact that the Reisinger letter was not placed in Plaintiff's prisoner file as it should have been. See id. Plaintiff does not contest the facts recounted by the Defendants nor that the Reisinger memo was discovered only in August 2005 and provided within a month thereafter. Under these circumstances, the court does not find that the principles of broad and fair discovery under the Federal Rules of Civil Procedure require the striking of the Scire affidavit and/or the Reisinger letter. See, e.g., Futamura ex rel. Estate of Futamura v. Unum Life Ins. Co. of America, 305 F.Supp.2d 1181, 1192 (W.D. Wash. 2004)(denying motion to strike based on claim of failure to timely disclose where the memo was inadvertently not produced and was produced very shortly after it was uncovered). Accordingly, Plaintiff's second argument is unpersuasive.

**THEREFORE**, on this 15th day of February 2006, Plaintiff's motion to strike the Scire Affidavit is hereby **DENIED**.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Anthony F. Spalvieri
    Brian S. Rudick
    Jerry S. McDevitt
    Thomas C. Ryan
    Kirkpatrick & Lockhart Nicholson Graham
    535 Smithfield Street
    Henry W. Oliver Building
    Pittsburgh, PA 15222-2312

    Arthur J. Murphy, Jr.
    Donald G. Lucidi
    Murphy Taylor
    326 Third Avenue
    Pittsburgh, PA 15222

    Kemal Alexander Mericli
    Office of the Attorney General
    Civil Litigation Section
    564 Forbes Avenue
    6th Floor, Manor Complex
    Pittsburgh, PA 15219

```
A. Tracey Campbell
Charles T. Roessing
Colleen A. Galbraith
White & Williams
1235 Westlakes Drive
Suite 310, One Westlakes
Berwyn, PA 19312-2416
```